IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SWEET** | : | CIVIL ACTION |
| v. | : | |
| **FRANKLIN J. TENNIS** | : | NO. 07-cv-5349 |

FILED
JAN 0 8 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996, known as "AEDPA," and codified at 28 U.S.C. §§2241-2266, concerns the rights of individuals in state or federal custody to file a petition for the issuance of a federal writ of habeas corpus. If successful, a petitioner may obtain release from custody on the ground that the petitioner's rights guaranteed by the United States Constitution, or a federal law, or a treaty entered into by the United States, were violated. Habeas corpus petitions under AEDPA are the sole sources of this type of relief. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Where an individual is in state custody, AEDPA may provide relief under 28 U.S.C. §2254 or 28 U.S.C. §2241. Relief under 28 U.S.C. §2254 is limited by its terms to a Constitutional[1] attack on the imposition or execution[2] of a state conviction or sentence, and may be requested only after a sentence has been imposed.

Federal jurisprudence requires that a more specific statute take precedence over

---

[1] There is no right to habeas corpus relief where no Constitutional violation is advanced. In a non-Constitutional case, if the petitioner has exhausted all appeals, the proper remedy is filing a petition requesting executive clemency from the Governor. Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[2] Coady, supra.

1

a more general statute. Thus, because §2254 is more specific than §2241, an individual in state custody may rely on §2241 only if the matter does not fall under §2254.[3] Relief under 28 U.S.C. §2241 is therefore limited to a constitutional attack on custody made before the state sentence is imposed.

On December 18, 2007, petitioner filed a 28 U.S.C. § 2241 petition in this court, at No. 07-cv-5349. On December 21, 2007, petitioner, through counsel, requested that the matter be re-characterized as a §2254 petition. It appearing that this request is proper, it will be granted.

Accordingly, this 8th day of January, 2008, it is ordered that this case be re-characterized as a §2254 habeas.

BY THE COURT:

_____
Edmund V. Ludwig, J.

---

[3] Coady, supra.

2